SOMMERVILLE, J.
Plaintiff declares upon a contract with the deceased, James A. Hyce, under which he claims the sum of $4,-400, being 5 per cent, commission on $20,000 (the price at which the deceased offered for sale a certain plantation belonging to him), and the difference between $20,000 and the actual selling price which plaintiff obtained. There was judgment in favor of plaintiff and *299 against defendant in the sum of $1,245, being 5 per cent, on $24,900 (the actual selling price of said plantation). Plaintiff and defendant have appealed; and they have both answered, and asked that the judgment appealed from be amended.
Plaintiff, in his petition, does not declare whether he is suing upon a written or verbal contract. And, when asked the question:
“Are you suing on a verbal contract or on a contract in writing?”
—answered:
“Well, I don’t know. I think I am suing on both. It looks that way. to me.”
Counsel for plaintiff stated that:
“Plaintiff is not proceeding on a contract in writing, but that the suit is based on a contract of employment or agency, not in writing, but to be proved by oral testimony, and by various written documents and letters hereafter to be offered in evidence by the plaintiff.”
Plaintiff offered several letters in evidence, written by the deceased, and proceeded to give his oral evidence as to the terms of the alleged contract. Whereupon the defendant objected to the parol testimony, on the ground that the entire contract had been offered, as evidenced by the writings in evidence. The court reserved its ruling, and subsequently overruled the objection in so far as it affected the contract for 5 per cent, commission on $20,000, and sustained the objection to all oral testimony going to prove the contract, for the excess over $20,000, which was the offering price of the plantation by the deceased. Plaintiff excepted to the latter ruling. All the evidence is in the record.
The contract to pay 5 per cent, commission to plaintiff by the deceased, James A. Hyce, is evidenced by two letters written by deceased to plaintiff, wherein he states:
“I will-give you 5 per cent, to sell said place within six months.”
And again:
“I mean, if you should find a buyer I sell to, the commission is yours.”
And plaintiff is clearly entitled to the said commission, as he was certainly the procuring cause of the sale of said plantation. But, in his petition, he asks for 5 per cent, on $20,000 only, and not upon the whole selling price. The trial judge was therefore in error in giving judgment in plaintiff’s favor for 5 per cent, on the latter amount. It is beyond that which was claimed by plaintiff in his petition, and the judgment in his favor will have to be reduced to $1,000, with interest.
The balance of the claim of plaintiff, for $3,400, being the excess of the selling price over and above the amount of $20,000, which the deceased was willing to sell his plantation for, is. not supported by any written evidence whatever. On the contrary, the letters of the deceased are clear and to the point that he would pay only 5 per cent, commission for the services of plaintiff in selling the plantation. He said plainly:
“I will give you 5 per cent, to sell said place within six months.”
And, again, in another .letter:
“I mean, if you should find a buyer I sell to, the commission is yours.”
These letters were written by the deceased, and received by the plaintiff, and produced by him on the trial of the cause. They contain the only contract made by the deceased with this plaintiff. The ruling of the court in sustaining defendant’s objection to any evidence to alter or change the written contract was correct.
Plaintiff testified that he had prepared another written contract, which he sent to the defendant to sign; but the defendant wrote in answer to the letter accompanying same:
“I think my letter to you embraced all the essential points. The way you want to contract cuts me out of any right whatever. ' Of course, I retain the right to sell if I can get a chance. If you sell the property, all is well. I will strictly comply with my contract with you. I mean, if you should find the buyer I seE to, the commission is yours.”
*301 This clearly shows the written contract entered into between the plaintiff and the deceased, and oral testimony was incompetent to vary it in any way. •
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, by reducing same to $1,000, with interest from. January 1, 1912, and, as thus amended, said judgment is affirmed. Plaintiff to pay costs of appeal.